IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JUDI KOZEL and DIANE TAYLOR,                  Civil Action

     Plaintiffs,                              No.   3:23-cv-77

v.

 GALLIKER DAIRY COMPANY,

     Defendant.                              JURY TRIAL DEMANDED

## CIVIL COMPLAINT

Plaintiffs, Judi Kozel and Diane Taylor, by undersigned counsel, file this Civil Complaint and in support state the following:

### I. Jurisdiction

1.     The jurisdiction of this Court is invoked pursuant to Section 7 of the Age Discrimination in Employment Act, 29 U.S.C. §626(c)(1); 28 U.S.C. §§1331 and 1343(a)(4).

2.     Plaintiffs have satisfied all procedural and administrative requirements set forth in 29 U.S.C. §626 in that:

    a.     On December 12, 2022, Plaintiffs filed timely charges alleging age discrimination with the Equal Employment Opportunity Commission (EEOC) and cross filed with the Pennsylvania Human Relations Commission;

    b.     More than sixty days have passed since Plaintiffs have filed their EEOC Charges.

### II. The Parties

3.     Plaintiff, Judi Kozel is an adult individual who resides at 400 Mele Street, Cambria County, Parkhill, PA 15945-1149. She is 61 years old.

4.     Plaintiff, Diane Taylor is an adult individual who resides at 176 Page Road,

4

Cambria County, Mineral Point, PA 15942-6117. She is 59 years old.

5.      Defendant, Galliker Dairy Company is a corporation with its principal place of business at 143 Donald Lane, Cambria County, Johnstown, PA 15904-0519.

6.      At all times relevant to this case, Defendant was an employer within the meaning of the Age Discrimination in Employment Act, 29 U.S.C. §630(b).

7.      At all times relevant to this case, Defendant acted or failed to act by and through its duly authorized agents, servants and employees, who conducted themselves within the scope and course of their employment.

### III. Factual Background

8.      Plaintiff Kozel was employed by Defendant as a customer service representative since July 19, 1988.

9.      Plaintiff Taylor was employed by Defendant as a customer service representative since August 19, 1986.

10.     Louis G. Galliker, III, the owner of Defendant's company, died in December 2021.

11.     In August, 2022, the owner's daughter, Julia Galliker-d'Aliberti, and son in law, Alfred d'Aliberti, came into the company.

12.     On November 21, 2022, Mr. d'Aliberti told Plaintiff Kozel sometimes you have to move on and that November 30th would be her last day.

13.     Prior to her last day, Plaintiff Kozel learned from a customer that one of Defendant's sales employees had told them she had retired.

14.     Plaintiff Kozel did not retire, but was terminated on November 30th.

15.     On November 21, 2022, Plaintiff Taylor was told by Mr. d'Aliberti that he wanted

4

her to resign by November 30th.

16. Mr. d'Aliberti repeatedly told Plaintiff Taylor that it's time for her to leave the company that she had been there for over 30 years, so it's time to go.

17. The son of Plaintiff Taylor's supervisor, who was employed by Defendant in sales, told a client on November 28th that Plaintiff Taylor had retired and that they couldn't find anyone to fill her position.

18. Plaintiff Taylor reported the comment to the individual in charge of Defendant's Personnel the same day.

19. Plaintiff Taylor did not retire or resign and on November 30th and was terminated by Mr. d'Aliberti.

20. Plaintiff Taylor asked the owner's daughter, Ms. Galliker-d'Aliberti, why she was being fired and was told employees are expensive.

21. However, Defendant had only nine months before hired a previous part-time Saturday only employee, who was 22 years younger than Plaintiff Kozel and 20 years younger than Plaintiff Taylor, as full-time employee.

22. Both Plaintiff Kozel and Plaintiff Taylor had trained this employee.

23. Another employee who was younger than both Plaintiffs was also moved from part-time to full-time six months before. Plaintiff Kozel and Plaintiff Taylor had trained this employee as well.

24. Both Plaintiff Kozel and Plaintiff Taylor were terminated on November 30, 2022 while Defendant retained the two younger employees recently made full-time and trained by Plaintiffs.

**Count I**
**ADEA**
**Judi Kozel v. Galliker Dairy Company**

25.    Plaintiff Kozel incorporates by reference the allegations in paragraphs 1 through 24 as if fully restated herein.

26.    Defendant fired Kozel because of her age, in violation of the Age Discrimination in Employment Act, 29 U.S.C. §623(a)(1).

27.    Defendant's violation of the ADEA was willful.

WHEREFORE, Kozel demands judgment as follows:

a.    That Defendant be ordered to reinstate Plaintiff into the position she occupied prior to Defendant's discriminatory actions, together with all benefits incident thereto, including, but not limited to wages, benefits, training and seniority;

b.    That Defendant be required to compensate Plaintiff for the full value of wages she would have received had it not been for Defendant's illegal treatment of Plaintiff, with interest until the date Plaintiff is offered employment into a position substantially equivalent to the one which Plaintiff occupied at the time of her termination;

c.    That Defendant be required to reinstate Plaintiff's pension standing, including an uninterrupted reinstatement of her seniority and vesting;

d.    That Defendant be required to provide Plaintiff with front pay in the event reinstatement is not feasible;

e.    That Defendant be required to compensate Plaintiff for lost benefits, including profit sharing and/or pension benefits until Plaintiff's normal retirement date;

f.    That a final judgment in favor of Plaintiff and against Defendant be entered for liquidated damages in an amount equal to the amount of wages due and owing Plaintiff as provided by 29 U.S.C. §§626(b) and 216(b);

g.    That Defendant be enjoined from discriminating against Plaintiff in any manner that violates the ADEA;

h.    That Plaintiff be awarded against Defendant the costs and expenses of this litigation and a reasonable attorney fee; and

i.    That Plaintiff be granted such further legal and equitable relief as the Court may deem just and proper.

**Count I**
**ADEA**
**Diane Taylor v. Galliker Dairy Company**

28.    Plaintiff Taylor incorporates by reference the allegations in paragraphs 1 through 27 as if fully restated herein.

29.    Defendant fired Taylor because of her age, in violation of the Age Discrimination in Employment Act, 29 U.S.C. §623(a)(1).

30.    Defendant's violation of the ADEA was willful.

WHEREFORE, Taylor demands judgment as follows:

a.    That Defendant be ordered to reinstate Plaintiff into the position she occupied prior to Defendant's discriminatory actions, together with all benefits incident thereto, including, but not limited to wages, benefits, training and seniority;

b.    That Defendant be required to compensate Plaintiff for the full value of wages she would have received had it not been for Defendant's illegal treatment of Plaintiff, with interest until the date Plaintiff is offered employment into a position substantially equivalent to the one which Plaintiff occupied at the time of her termination;

c.    That Defendant be required to reinstate Plaintiff's pension standing, including an uninterrupted reinstatement of her seniority and vesting;

d.    That Defendant be required to provide Plaintiff with front pay in the event reinstatement is not feasible;

e.    That Defendant be required to compensate Plaintiff for lost benefits, including profit sharing and/or pension benefits until Plaintiff's normal retirement date;

f.    That a final judgment in favor of Plaintiff and against Defendant be entered

for liquidated damages in an amount equal to the amount of wages due and owing Plaintiff as provided by 29 U.S.C. §§626(b) and 216(b);

g.   That Defendant be enjoined from discriminating against Plaintiff in any manner that violates the ADEA;

h.   That Plaintiff Taylor be awarded against Defendant the costs and expenses of this litigation and a reasonable attorney fee; and

i.   That Plaintiff be granted such further legal and equitable relief as the Court may deem just and proper.

Respectfully submitted,

**EDGAR SNYDER & ASSOCIATES**

/s/ *John E. Black, III*
John E. Black, III
Pa. I.D. No. 83727
US Steel Tower, 10th Floor
600 Grant Street
Pittsburgh, PA 15219
(412) 394-4446
jblack@edgarsnyder.com

Attorney for Plaintiffs

4